UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGEL M. MEDINA-AYALA,<br><br>    Defendant. | Criminal No. 12-665-01 (JAF) |

**OPINION AND ORDER**

Before the court is Defendant Angel Medina-Ayala's motion to dismiss counts two and three of his indictment. (Docket No. 23.) The government opposes. (Docket No. 24.) Defendant does not respond.

**I.**

**Factual and Procedural History**

On September 12, 2012, a federal grand jury returned a four-count indictment charging Defendant, Angel M. Medina-Ayala, with one count of violating 18 U.S.C. § 2251(a) (production of child pornography (Count One));  two counts of violating 18 U.S.C. § 2423(a) (transportation of a minor with the intent to engage in criminal sexual activity (Counts Two and Three)); and one count of violating 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography (Count Four)) (the "Indictment"). (Docket No. 14.)

On November 1, 2012, Defendant moved to dismiss counts two and three of the indictment, arguing that the statute giving rise to those charges, 18 U.S.C. § 2423 (the

Criminal No. 12-665-01 (JAF) -2-

"Mann Act"), does not apply to Puerto Rico. (Docket No. 23 at 3.) The Government filed its opposition to Defendant's motion on November 20, 2012. (Docket No. 24.) Defendant claims that the Mann Act, which is the statutory basis for his indictment, does not apply to Puerto Rico. We disagree and deny the motion.

## II.

## **Law and Analysis**

Defendant challenges his indictment by arguing that 18 U.S.C. § 2423, the "Mann Act," does not apply to Puerto Rico. We disagree.

Enacted in 1910, the Mann Act originally prohibited, among other things, the interstate transportation of women for purposes of prostitution, "debauchery", or "any other immoral purpose." See Ch. 395, 36 State. 825 (1910) (codified as amended at 18 U.S.C. §§ 2421-2424 (2000)). The current version of the Mann Act makes it a federal crime to knowingly transport (1) a minor, with the intent that the minor engage in prostitution or prohibited sexual conduct, or (2) "any individual" with the intent that the individual engage in prostitution or "any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. §§ 2421-24 (2006). The Mann Act currently contains four sections, each of which punishes a different activity connected with prostitution, illicit sexual conduct, and travel.

Defendant requests that we treat the Mann Act in the same manner that Section Three of the Sherman Act was treated in the case of Cordova & Simopietri Insurance Agency v. Chase Manhattan Bank N.A., 649 F.2d 36 (1st Cir. 1981). In Cordova, the First Circuit held

Criminal No. 12-665-01 (JAF)                                                                                          -3-

that the passage of the Puerto Rican Federal Relations Act, 64 Stat. 319, meant that certain federal acts which applied to activities within "any territory," but not within states, no longer applied to Puerto Rico. 649 F.2d at 38. The court reasoned that once Puerto Rico became a commonwealth, it ceased being a territory of the United States: "In sum, Puerto Rico's status changed from that of a mere territory to the unique status of Commonwealth." Id. Therefore, the court held that Section Three of the Sherman Act, which forbade agreements "in restraint of trade or commerce in any Territory of the United States," did not apply to Puerto Rico. Id.

We reject the Defendant's contention that the Mann Act has no application to Puerto Rico because the Mann Act, unlike the Sherman Act, explicitly applies to "commonwealths." This is a question of basic statutory interpretation.

It is a well-established principle of law within the First Circuit that "[w]hether and how a federal statute applies to Puerto Rico is a question of Congressional intent." Antilles Cement Corp. v. Fortuño, 670 F.3d 310, 320 (1st Cir. 2012); see also, Puerto Rico v. Shell Co., 302 U.S. 253, 258 (1937) (meaning of a statute is to be "construed if reasonably possible to effectuate the intent of the lawmakers"). If the language of a statute or regulation has a plain and ordinary meaning, we need look no further and should apply the regulation as it is written. See, e.g., United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241-42 (1989) (plain meaning should be conclusive except in "'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters'").

Criminal No. 12-665-01 (JAF)                                                                                                -4-

Here, we need only review the plain language of 18 U.S.C. § 2423 which provides, in pertinent part, the following:

> (a) Transportation with intent to engage in criminal sexual activity.—A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than ten years or for life.

Protection of Children from Sexual Predators Act, 105th Cong. §2423(a) (1998).

Prior to 1999, Section 2423 did not provide coverage for transportation that occurred exclusively within "any commonwealth." Prior to the 1998 Amendment, Section 2423 read as follows:

> (a) Transportation with intent to engage in criminal sexual activity.—A person who knowingly transports an individual under the age of 18 years in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined or imprisoned not more than ten years, or both.

In 1998, the text of Section 2423 was specifically amended to include the word "commonwealth." See 144 CONG. REC. S12257-01 (daily ed. Oct. 9, 1998) (statement of Sen. Daniel Coates). There could hardly be a clearer intention of purpose than the specific addition of the word "commonwealth" to the existing language of the Mann Act.

There is no question that Puerto Rico is a commonwealth— it is not a state, nor is it a territory. See 48 U.S.C. § 734. The Mann Act, as amended in 1998 and in every

Criminal No. 12-665-01 (JAF)                                                                                           -5-

subsequent version, specifically applies to "commonwealths."  Therefore, the Mann Act applies to Puerto Rico and Defendant's indictment should not be dismissed.

## III.

## Conclusion

For the foregoing reasons, we hereby **DENY** Defendant's motion to dismiss counts two and three of the indictment.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of November, 2012.

                                                  s/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  United States District Judge